IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO ERIC WILLIAMS,

    Petitioner,

v.                                                                                Civil Action No. **3:17CV540**

**CHESAPEAKE CIRCUIT COURT,**

    Respondent.

## MEMORANDUM OPINION

Antonio Eric Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this "Petition of Writ Mandamus." ("Petition," ECF No. 6).[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] Petitioner originally filed a "Petition of Writ Mandamus" on August 2, 2017. (ECF No. 1.) Petitioner filed a second Petition on September 11, 2017. (ECF No. 6.) This Petition appears to be similar to his initial filing. The Court action proceeds on the September 11, 2017 Petition. To the extent that there are any different claims or allegations in the original petition, it is of no import because the action is frivolous.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de*

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PETITION AND PROCEDURAL HISTORY

In his Petition, Williams states:[2]

> Petitioner [was] arrested on (1) count of grand larceny in July of 2007 and spent from 9-2-2008 to 9-29-2008 locked up on that charge, and the original sentence from 2007 were imposed as follows. The court imposed a sentence of (5) years with (5) years suspended. Indeterminate supervised probation (3) years good behavior.
> [In] March of 2010 the original sentence [was] revoked, and up that violation Judge Brown re-suspended the (5) years and ordered that the petitioner successfully complete a minimum of fourteen months in the youth challenge program and the petitioner spent from 3-10-2010 to 7-01-2010 locked up awaiting trial for that probation violation.
> On March 8, 2011, the original sentence was revoked again and up on that violation Judge Smith imposed a sentence of (5) years and suspended (1) year which left petitioner (4) years to serve upon successful completion of the behavioral correctional program, in which the petitioner ended up serving the whole (4) year[] sentence and [was] released from prison on June 9, 2014, from Indian Creek Prison, with (2) year supervised probation.
> The petitioner is still contesting that he shouldn't still be on a (5) year probation sentence from 2008 in 2017, since when [was] time (stopped) or (halted). Petitioner thought that all time spent in confinement supposed to be credited pursuant to Code 53.1–187. And if it is legal to keep petitioner on a (5) year probation from (2008), the petitioner's probation [was] revoked in 2016 and Chesapeake Circuit Court is trying to impose a (1) year sentence.
> But how is that so when the petitioner [was] incarcerated from 9-2-2008 to 9-29-2008 on the original sentence and 3-10-2010 to 7-01-2010, and 3-08-2011 to 6-9-2014. The petitioner is again contesting that if it is legal to have petitioner on

---

[2] The Court utilizes the pagination assigned to Williams's Petition by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Williams's Petition.

3

a (5) year probation from (2008) without adding any extra time on sentence that he shouldn't owe Chesapeake Circuit Court a (1) [year] of active time because of all the time that [was] spent in confinement on the probation violation listed above. Can someone please explain to the petitioner what is going on, because the petitioner is totally confused.

(Pet. 1–2.)

## III. ANALYSIS

It appears that Williams seeks an order from this Court directing the Circuit Court for the City of Chesapeake to change or clarify his sentences or term of probation. This Court, however, lacks jurisdiction to grant mandamus relief against state courts. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Islam v. Va. Superior Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Accordingly, Williams's Petition will be DISMISSED AS LEGALLY FRIVOLOUS.

## IV. CONCLUSION

William's Petition (ECF No. 6) will be DISMISSED AS LEGALLY FRIVOLOUS. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/20/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

4